IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED SHAMIM,<br><br>        Petitioner,<br><br>  v.<br><br>U.S. DEPT OF HOMELAND SECURITY, et al.,<br><br>        Respondents. | No. C 07-04308 SI<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Mohammed Shamim, who has been ordered removed from this country under its immigration laws, filed this action under 28 U.S.C. § 2241 claiming that his detention pending removal is unlawful. His petition is now before the Court for consideration pursuant to 28 U.S.C. § 2243.

**BACKGROUND**

Petitioner alleges in his petition that he is being subjected to an improper indefinite detention by the Department of Homeland Security (DHS). He is in custody at the Lerdo Pre-Trial Detention Facility in Bakersfield, California. He allegedly was taken into custody on October 17, 2006, and was ordered removed on October 19, 2006. Petitioner subsequently filed two motions to reopen the case; both were denied and are currently pending before the Ninth Circuit. On April 20, 2007,[1] the DHS denied his application for release, on the ground that his petition for review was pending before the Ninth Circuit. *See* Nightingale Decl., Ex. C. The DHS also stated that his detention would be further reviewed "in one year." *Id.*

---

[1] The Petition states "April 20, 2006," but this appears to be a typographical error, as petitioner was not detained and ordered removed until October 2006.

**DISCUSSION**

The Court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citation omitted).

Petitioner claims in his habeas petition that his indefinite detention exceeds respondents' statutory authority to detain, violates petitioner's due process rights, and amounts to punishment without due process. Liberally construed, petitioner's claims are cognizable. *See Zadvydas v. Davis*, 121 S. Ct. 2497-98, 2503-04 (2001) (finding jurisdiction in the district court to hear a § 2241 habeas petition brought by an alien found removable and who is being detained instead of deported because no country will accept him); *see also Clark v. Martinez*, 543 U.S. 371, 378 (2005) (extending *Zadvydas* to all those detained pursuant to 8 U.S.C. § 1231(a)(6)).

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court finds that the petition states a cognizable habeas claim. The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto on respondents and their attorneys. The clerk also shall serve a copy of this order upon petitioner. Respondents must file and serve on petitioner, on or before **November 16, 2007**, an answer showing cause why a writ of habeas corpus should not be issued. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondents on or before **December 14, 2007**.

**IT IS SO ORDERED.**

Dated: September 11, 2007

_____
SUSAN ILLSTON
United States District Judge

2