IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED SHAMIM,<br><br>    Petitioner,<br><br>  v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, et al.,<br><br>    Respondents. | No. C 07-4308 SI<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS HABEAS PETITION AS MOOT** |

Petitioner Mohammed Shamim filed a habeas petition requesting declaratory and injunctive relief to direct respondents to release him from unlawful custody pending his appeal of an order removing him from the United States. At the time the petition was filed, petitioner was in the custody of the Department of Homeland Security ("DHS"), Immigration Customs and Enforcement ("ICE"), but is now released from detention on the Intensive Supervised Appearance Program. Accordingly, respondents filed a motion to dismiss the petition as moot. Having considered the arguments of the parties and the papers submitted the Court hereby GRANTS respondents' motion to dismiss as moot.

**BACKGROUND**

Petitioner Mohammed Shamim, a native and citizen of Fiji, had been residing in the United States as a lawful permanent resident since 1980. Pet. at ¶ 10. On October 17, 2006, respondent DHS

detained petitioner in immigration custody, allegedly under 8 U.S.C. § 1226[1] and 8 U.S.C. § 1231(a)(6).[2] Pet. at ¶ 2. On October 19, 2006, an Immigration Judge found petitioner removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for committing two crimes of moral turpitude. Petitioner waived his right to appeal. Pet. at ¶ 10. Petitioner subsequently filed two motions to reopen the case; both were denied by the Board of Immigration Appeals ("BIA") and are currently consolidated and pending before the Ninth Circuit. *See Shamim v. Gonzales*, Appeal No. 07-70895; *Shamim v. Gonzales*, Appeal No. 07-72351. On April 20, 2007, DHS denied his application for release "solely" because of his pending appeal and stay of removal before the Ninth Circuit. *See* Nightingale Decl. at Ex. C. The DHS also stated that his detention would be reviewed again "in one year or when the Ninth Circuit Court of Appeals has made a decision . . . ." *Id.*

Petitioner's habeas petition to this Court alleges violation of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), and Fifth Amendment due process violations. His prayer for relief requests an order directing respondents to release him from custody because they had detained him beyond a presumptively reasonable six month period pursuant to U.S. Supreme Court precedent in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) and *Clark v. Martinez*, 543 U.S. 371, 377 (2005). Respondents filed a motion to dismiss the petition as moot because they alleged that petitioner would be released from detention on the Intensive Supervision Appearance Program ("ISAP") by November 21, 2007. Grinberg Decl. at ¶ 6. Petitioner's opposition to the motion to dismiss added, to his original petition, a request for an order to not re-arrest him absent a final determination on his pending appeal. On November 30, 2007, respondents filed a status report supporting the motion to dismiss stating that petitioner's release was delayed but that he had been returned to ICE custody on November 28, 2007 and released. Status Report at 1; Grinberg Supp. Decl. at ¶ 9. Although released on ISAP, petitioner continues to oppose the motion to dismiss and seeks an order preventing respondent from re-arresting or detaining petitioner for any reason, including an alleged violation of the ISAP terms of release, before a final determination on his pending immigration appeal.

---

[1] 8 U.S.C. § 1226 governs the detention of aliens who are currently in removal proceedings without a final order of removal.

[2] 8 U.S.C. § 1231(a)(6) governs the detention, release, and removal of aliens who have been ordered removed, requiring that certain aliens be detained during a 90-day removal period.

2

**LEGAL STANDARD**

As a general rule, 28 U.S.C. § 2241 confers jurisdiction upon the district court to entertain petitions for writ of habeas corpus brought by any individual claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(e)(3). Absent a specific statutory provision limiting the scope of its habeas jurisdiction, a district court has the authority to entertain constitutional questions raised by aliens detained by federal immigration officials. *See INS v. St. Cyr*, 533 U.S. 289, 314 (2001); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995). However, as a prudential matter, the Ninth Circuit generally requires aliens who are detained to exhaust available administrative remedies before seeking habeas corpus relief. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001).

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); *see Spencer v. Kemna*, 523 U.S. 1, 8-13 (1998). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

**DISCUSSION**

Respondents argue the habeas petition is moot because petitioner was released from ICE custody on November 28, 2007 on the Intensive Supervision Appearance Program. In response, petitioner acknowledges that he is no longer in custody but argues that his habeas petition is not moot because respondent could still take petitioner into indefinite custody for any reason, including, potentially, an alleged violation of the terms of the ISAP. Accordingly, he asks this Court to grant his habeas petition to order that the respondents may not re-arrest or detain him absent a final determination on his pending immigration appeal.

An incarcerated convict's (or parolee's) challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction – must exist if the suit is to be maintained and not considered moot. *Id.* Continuing collateral consequences may be either proven or presumed. *Id.* at 8.

Courts may presume that a criminal conviction has continuing collateral consequences. *See Spencer*, 523 U.S. at 8-12 (noting that Supreme Court has been willing to accept hypothetical collateral consequences for criminal convictions); *Evitts v. Lucey*, 469 U.S. 387, 391 n.4 (1985) (accepting as a collateral consequence the possibility that conviction may be used in future criminal proceeding to enhance sentence). In the Ninth Circuit, that presumption is mandatory and irrebuttable. *See Wood v. Hall*, 130 F.3d 373, 376 (9th Cir. 1997). A habeas petition that challenges an underlying conviction is never moot in this circuit simply because, subsequent to its filing, the petitioner was released from custody. *See id.*; *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994) (once convicted, one remains forever subject to prospect of harsher punishment for subsequent offense as result of federal and state laws that either already have been or may be eventually be passed).

However, as in this case, a habeas petition challenging only the *length* of the pre-removal detention, not the lawfulness of the deportation order, becomes moot when the petitioner is removed and released from custody. *See Abdala*, 488 F.3d at 1063-1064. Such a petition becomes moot because there are no remaining collateral consequences that may be redressed by success on the petition. *See id.* at 1065. Here, petitioner's original habeas claims only challenge the length of his detention as being unauthorized by statute because it was over the six-month presumptively reasonable detention period that the Supreme Court mandated in *Zadvydas*, which interpreted the Immigration Nationality Act. After the mandatory 90-day removal period, 8 U.S.C. § 1231(a)(3) requires qualified aliens who have been ordered removed to enter into supervised release (ISAP). Regardless of petitioner's pending immigration appeal and stay of removal, as an alien already ordered removed, his release from custody is subject to the ISAP. There are no collateral consequences that success on his petition can remedy.

4

Moreover, this Court will not issue an order that would prevent petitioner's re-arrest in the event that he violates the statutory terms of supervised release or any other state or federal law. Therefore, petitioner is unable to satisfy the requirement of a live case or controversy, rendering his habeas petition moot.

## CONCLUSION

For all of the foregoing reasons, the Court hereby GRANTS respondents' motion to dismiss the petition as moot [Docket No. 10].

**IT IS SO ORDERED.**

Dated: February 22, 2008

SUSAN ILLSTON
United States District Judge

5